UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael B. Dorsey, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>District of Columbia Superior Court *et al*, )<br>)<br>Defendants. ) | Case: 1:17-cv-00521<br>Assigned To : Unassigned<br>Assign. Date : 3/22/2017<br>Description: Pro Se Gen. Civ. (F-DECK) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Washington, D.C. He sues the Landlord and Tenant Branch of D.C. Superior Court and his landlord, who is also a resident of Washington, D.C. Plaintiff sues the court for allegedly denying him a jury trial but he acknowledges that the decision was pursuant to "a rule of the court." Compl. at 2. Nevertheless, plaintiff contends that a "covenant between this respondent and the other party . . . if it were such a covenant should be voided because the right to a trial by jury is grounded in the Sixth Amendment to the United States Constitution." Compl. at 1. Plaintiff sues his landlord for allegedly violating a temporary restraining order, presumably issued by the local court. Plaintiff seeks $60,000 from the landlord. Compl. at 3.

As applicable here, federal district courts, such as this, lack jurisdiction to review the decisions of other courts, including those of the D.C. Superior Court. *See United States v. Choi*,

818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Plaintiff's recourse lies, if at all, in the D.C. courts.

As for plaintiff's claims against his landlord, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Jurisdiction is lacking over the landlord because plaintiff and his landlord reside in the District of Columbia, the minimal amount in controversy is not satisfied, and no federal question is presented as to that defendant. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: March 22, 2017

_____
United States District Judge